COLONIAL ASPHALT PAVING CORP. et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 52034.)

Third Department, November 13, 1975

*Louis J. Lefkowitz, Attorney-General (Richard J. Dorsey* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*Scapolito & Solinger* and *Jerome Beaudrias (Walter B. Solinger, II,* of counsel), for respondents-appellants.

REYNOLDS, J. The original claim asserted nine causes of action for damages aggregating $1,725,995.78 for an alleged breach by the State of New York of a construction contract between the parties dated June 1, 1965, for the construction and reconstruction of a portion of the Taconic State Parkway in Westchester County, New York.

All claims and controversies between the parties have been determined to the present satisfaction of the parties except the claims asserted in the second and seventh causes of action. The court awarded the claimant $371,384.53 on the second cause of action and the State appealed. The court dismissed claimant's seventh cause of action and the claimant appealed. On appeal, the State, as appellant, claims there was no breach of contract by the State and that the revision of the plans was authorized by the contract. The claimant in its appeal claims the State broke the contract by ordering, over claimant's protest, a major redesign of slope and water drainage after the subject project was more than 90% completed.

The contract required the claimant to maintain a normal flow of traffic of at least four lanes during construction. To maintain traffic, construction was divided into five stages which could be changed only with the written approval of the State's engineer. Early in the first stage of construction there developed a deficiency of embankment material. Claimant had anticipated this deficiency and had arranged for a source to supply embankment material, i.e., borrow. Claimant requested the State to examine a cross section of the borrow pits, but the State denied claimant's request to use outside borrow. To overcome the deficiency in embankment material, the State revised the construction plans, omitted a portion of the first stage of construction and ordered the work to be performed at a later date. The State also ordered all excavated material, no matter how unsuitable, to be retained for capping purposes and thereby disregarded its own earth work summaries which indicated that all over-burden less than five feet in depth was not suitable for capping purposes. The State's alteration of plans and its denial of utilization of outside borrow caused claimant to back haul from distant sites an unsuitable boney

earth rock material that required additional culling and re-handling.

The court found that the action of the State in refusing to authorize outside borrow and in changing the plans for construction was arbitrary and constituted a breach of contract causing damage to the claimant.

The court also found that the original plans indicated a certain area to be used for waste material disposal. After claimant had used the area for disposal purposes, the State changed the plans and designated the disposal area as a restaurant site. The claimant was required to remove unsuitable material it disposed of there and haul it two miles away. Thereafter, the State revised the plans again and eliminated the restaurant site. At the State's direction, the claimant filled and compacted the site with material it had to back haul two miles. The claimant was required to perform hauling and compaction operations not covered by the contract for which claimant was entitled to damages.

The court found that the redesign of the Inningwood Road cul-de-sac and Duncan Driveway required the claimant to do work not contemplated in the original contract for which claimant was entitled to additional compensation on a *quantum meruit* basis.

The court awarded claimant the sum of $371,384.53, which represented a basic recovery of $309,487.11 to which the court added 20% which it opined adequately compensated claimant for its loss due to disruption of contract stages and loss of efficiency and continuity of operations. With the exception of the 20% addition for inconvenience and loss of efficiency, the findings of the court are based on substantial evidence and must be affirmed. The award of 20% additional damages for inconvenience and loss of efficiency has no evidence to support it. The court acted arbitrarily and abused its discretion in awarding an additional $61,897.42 (20% of $309,487.11).

The court dismissed claimant's seventh cause of action as it found that the revised plans for drainage work did not require claimant to perform work outside the scope of the contract or involved a qualitative change in the work. It also found that the changes were made in accordance with more modern highway safety practices in order to adhere to new Federal standards, and that the revision did not delay completion beyond the contract period. There is substantial evidence to

support the findings of the court and, consequently, no abuse of discretion in its dismissal of the seventh cause of action.

The judgment should be modified, on the law and the facts, by reducing the award on the second cause of action from $371,384.53 to $309,487.11 and, as so modified, affirmed, without costs.

HERLIHY, P. J., SWEENEY, MAIN and LARKIN, JJ., concur.

Judgment modified, on the law and the facts, by reducing the award on the second cause of action from $371,384.53 to $309,487.11, and, as so modified, affirmed, without costs.